1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          CENTRAL DISTRICT OF CALIFORNIA
10
11   WALTER A. PARKER III,              )      NO. EDCV 07-715 AGR
12          Plaintiff,                  )
                                        )
13          v.                          )
                                        )      MEMORANDUM OPINION AND
14   MICHAEL J. ASTRUE,                 )      ORDER
15   Commissioner of Social Security,   )
                                        )
16          Defendant.                  )
17   _____)
18          Walter A. Parker III filed this action on June 22, 2007.  Pursuant to 28
19   U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge
20   Rosenberg on July 10 and July 16, 2007.  On March 26, 2008, the parties filed a
21   Joint Stipulation ("JS") that addressed the disputed issues.  The Court has taken
22   the matter under submission without oral argument.
23          Having reviewed the entire file, the Court affirms the decision of the
24   Commissioner.
25   ///
26   ///
27   ///
28   ///

I.

## PROCEDURAL BACKGROUND

Based on an application for supplemental security income benefits filed on March 26, 2003, Parker was awarded child's disability benefits with an onset date of disability of March 1, 1993, due to a seizure disorder.  A.R. 16.  When Parker turned 18 years old on October 17, 2003, the Social Security Administration re-evaluated his eligibility for disability benefits as an adult and determined that he was not eligible.  *Id.*

The Administrative Law Judge ("ALJ") held a hearing on April 26, 2005, and a supplemental hearing on October 11, 2005.  A.R. 486-526, 527-575.  At the hearings, the ALJ elicited testimony from Parker, Parker's mother, Parker's aunt, a medical expert, and a vocational expert.  *Id.*  On March 14, 2006, the ALJ issued a decision denying benefits.  A.R. 13-22.  On March 22, 2006, Parker requested review.  A.R. 11.  On April 20, 2007, the Appeals Council denied Parker's request for review.  A.R. 7-10.  This lawsuit followed.

II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the

2

evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

### III.

### DISCUSSION

#### A.    Disability

"A person qualifies as disabled, and thereby eligible for such benefits, only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and internal quotation marks omitted).

#### B.    The ALJ's Findings

The ALJ found that Parker had severe impairments of a seizure disorder and headaches secondary to the seizure disorder.  A.R. 18.  The ALJ determined that Parker had the residual functional capacity to perform work at any exertional level.  A.R. 19.  However, nonexertional limitations included:  no exposure to extremely hot or cold environments; no working at heights or around dangerous, moving machinery; and no working around unprotected pools of water.  *Id.*  The ALJ concluded that Parker could perform other work as a bagger, dining room attendant, and package handler.  A.R. 21.

#### C.    Lay Testimony

"Disregard of the testimony of friends . . . violates [social security regulations]."  *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1513(d)(4), 416.913(d)(4) (other "non-medical sources" of evidence include friends).  "[T]he Commissioner will consider observations by nonmedical sources about how impairments affect a claimant's ability to work."  *Smolen*, 80 F.3d at 1288.  "[T]he ALJ can reject the testimony of lay witnesses

only if he gives reasons germane to each witness whose testimony he rejects." *Id.* "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

At the hearing, the ALJ heard the testimony of Parker's mother and aunt. The ALJ's decision addressed their testimony.  A.R. 20.

Parker argues, however, that the ALJ erred in not mentioning the questionnaire submitted by Parker's sister, Kymika Burrell.  JS 3-5.  Burrell completed a "Function Report Adult Third Party" on June 22, 2004.  A.R. 222-30. In summary, Burrell states that Parker is afraid that he might have a seizure, including in his sleep.  A.R. 222-223, 228, 229.  His mother prepares all meals for him, does all shopping for him, provides his medications, performs all household chores for him, and pays his bills.  A.R. 224-225.  He spends his days sleeping and watching TV until he gets a headache.  A.R. 222, 226.  He sometimes cries and gets quiet.  A.R. 228.

The Commissioner does not dispute that the ALJ did not expressly discuss Burrell's questionnaire.  However, the Commissioner argues that any error was harmless.

In his decision, "the ALJ does not need to 'discuss every piece of evidence.'"  *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (citation omitted).  Although most of the cases concern a failure to consider lay witness testimony, Parker argues the same standards should apply to a questionnaire.

Burrell's questionnaire was essentially cumulative of the hearing testimony by Parker, his mother and his aunt.  Parker describes Burrell's questionnaire without identifying any non-cumulative statements.  JS 3.

4

At the April 26, 2005 hearing, Parker testified that the reason he cannot work is seizures and bad headaches.  A.R. 498, 504.  Parker's mother testified that he had one or two "little" seizures a week.  A.R. 519-520.  She stated that the seizures left Parker "exhausted," disoriented, and "zombied out" (*i.e.*, that Parker would "just lie around like he's zombied out"), and that these aftereffects lasted two to seven days.  A.R. 521-522.

At the October 11, 2005 hearing, Parker and his mother indicated that the frequency of his "light" seizures increased to four to five times a week.  A.R. 534, 542.  Parker's mother testified that each seizure lasts about 15 seconds, during which he bites his tongue, lathers at the mouth, passes out and falls down.  A.R. 536-537.  He also started to have "stare" seizures.  A.R. 543.  Parker's mother and aunt testified that he has seizures in his sleep.  A.R. 537-538, 557. Parker's aunt testified that, when Parker has a seizure, he sits around and gets quiet.  A.R. 557.  During his sleep, Parker will blink, make jerking motions, and bite his tongue.  A.R. 559.

Parker's mother argued that they never know when Parker is going to have a seizure, and they don't know what might happen.  A.R. 552-553, 555.  Parker's aunt testified that Parker is afraid to do things because he is afraid of having a seizure.[1]  A.R. 560.  Parker's mother argued that the medical records indicating no seizures for long periods of time were lies.  A.R. 499-501, 565.

The ALJ discounted the testimony of Parker, his mother, and his aunt, reasoning that (1) the medical records show that the seizures were controlled by medication without any side effects (A.R. 19-20, 393, 411, 412, 414, 415, 421, 422, 424, 468, 470); (2) the seizures occurred when Parker's seizure medication level was below the therapeutic range (A.R. 19-20, 356, 363, 364-65, 366, 377, 379, 383, 385, 388, 391, 404, 409, 451, 452, 466, 473); and (3) some past

---

[1]  The medical expert agreed that seizures are unpredictable.  A.R. 553.

1   seizures were associated with Parker's failure to take medication (A.R. 19-20,

2   364-65, 371, 388, 403, 404, 411, 422, 468).  Parker does not argue that the ALJ

3   improperly discounted the testimony of Parker, his mother, and his aunt.

4         Because Burrell's questionnaire was cumulative, any error in failing to

5   mention her questionnaire was harmless because no reasonable ALJ could have

6   reached a different result.  *See Zerba v. Comm'r of Social Security*

7   *Administration*, 2008 U.S. App. LEXIS 10954 at *3-*4 (9th Cir. 2008) (failure to

8   address husband's lay testimony is harmless error when ALJ addressed

9   substantially similar testimony of claimant and two other lay witnesses);[2] *Rohrer*

10  *v. Astrue*, 2008 U.S. App. LEXIS 10950 at *2-*3 (9th Cir. 2008) (cumulative

11  questionnaire); *Stout*, 454 F.3d at 1056; *Vincent v. Heckler*, 739 F.2d 1393 1394-

12  95 (9th Cir. 1984) (an ALJ need not discuss all evidence presented and need

13  only explain why he rejected "significant probative evidence").

14        **D.    Effects of Plaintiff's Medication**

15        Parker argues that the ALJ did not discuss the medication he takes for

16  depression, Amitriptyline. JS 8.  Parker does not identify any medical records

17  indicating a diagnosis of depression or a prescription of Amitriptyline for

18  depression, and the Court has found none.  The prescription for Amitriptyline was

19  for a diagnosis of chronic daily headache, seizure disorder, and insomnia.[3]  A.R.

20  476.

21        The Ninth Circuit has recognized that the "side effects of medications can

22  have a significant impact on an individual's ability to work and should figure in the

23  disability determination process."  *Varney v. Sec'y of Health & Human Servs.*,

24  846 F.2d 581, 585 (9th Cir.), *relief modified*, 859 F.2d 1396 (1988).  An ALJ must

25

26        [2]   *See* Fed. R. App. P. 32.1.

27        [3]   The "Claimant's Medications" form and "Disability Report - Appeal"
    submitted by Parker's mother indicated that Parker was taking Amitriptyline for
28  his migraines and headaches.  A.R. 253, 258.

6

1    consider medication and its side effects as part of his consideration of a

2    claimant's subjective pain testimony.  SSR 96-7p.

3          The ALJ noted that Parker reported no adverse side effects from

4    medications in the medical records.  A.R. 18, 468, 470.[4]  Parker does not identify

5    any side effects from Amitriptyline that *he* suffered.  Instead, Parker relies on

6    possible side effects of Amitriptyline listed in the Complete Guide to Prescription

7    & Nonprescription Drugs.  JS 7.  This is insufficient.  In his reply, Parker refers to

8    testimony by Parker's mother as to side effects.  The testimony cited states only

9    that Parker was prescribed Amitiptyline and does not identify any side effects that

10   he suffered.  JS 7, 9 (citing A.R. 538-539).

11         The medical records fail to show that Parker complained of side effects

12   from Amitriptyline, let alone that they were severe enough to interfere with his

13   ability to work.  *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001)

14   (ALJ did not err in excluding side effects because although "[t]here were passing

15   mentions of the side effects of [the claimant's] medication in some of the medical

16   records, [] there was no evidence of side effects severe enough to interfere with

17   [his] ability to work"); *see also Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir.

18   2002) (ALJ properly rejected  claimant's assertion that pain medication affected

19   concentration or caused dizziness because "[t]he only evidence regarding [side

20   effects were the claimant's] own statements to her doctor and her testimony at

21   the hearing"); *Miller v. Heckler*, 770 F.2d 845, 849 (9th  Cir. 1985) (ALJ properly

22   rejected  claimant's claim of disability because he "produced no clinical evidence

23   showing that narcotics use impaired his ability to work").  Accordingly, the ALJ

24   did not err.

25   ///

26   ///

27

28         [4] *See also* A.R. 411, 412, 414, 415, 421, 422, 424, 468, 470.

1

### E.   Mental Impairment

2    Parker contends that his "use of the antidepressant medication

3    Amitriptyline . . . undoubtedly purports a level of mental impairment that [he]

4    experiences."  JS 9.  Therefore, Parker argues that the ALJ was required to rate

5    his limitations related to a mental impairment.  JS 9-10.

6    As discussed in Part III.D, there is no objective medical evidence of a

7    mental impairment.  The claimant bears the burden of demonstrating a severe,

8    medically determinable impairment that meets the duration requirement.  20

9    C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); *Bowen v. Yuckert*, 482 U.S. 137,

10   146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987).

11   Your impairment must result from anatomical,

12   physiological, or psychological abnormalities which can

13   be shown by medically acceptable clinical and

14   laboratory diagnostic techniques.  A physical or mental

15   impairment must be established by medical evidence

16   consisting of signs, symptoms, and laboratory findings,

17   not only by your statement of symptoms.

18   20 C.F.R. §§ 404.1508, 416.908.  The medical records indicate that the

19   prescription for Amitriptyline was for a diagnosis of chronic daily headache,

20   seizure disorder, and insomnia.  A.R. 476.  As discussed above, Parker does not

21   identify any medical records indicating a diagnosis of depression or a prescription

22   of Amitriptyline for depression, and the Court has found none.  Any testimony by

23   Parker's mother that Parker was prescribed Amitriptyline for depression is

24   insufficient to establish a medically determinable mental impairment.  Subjective

25   testimony alone cannot establish a mental impairment.  *See Ukolov v. Barnhart*,

26   420 F.3d 1002, 1005 (9th Cir. 2005).

27   Because there was no medical evidence that Parker had a medically

28   determinable mental impairment, the ALJ had no duty to rate Parker's alleged

8

mental impairment.  *See* 20 C.F.R. § 416.920a(b) (regulations applicable "[i]f we determine that you have a medically determinable mental impairment(s)").

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: September 11, 2008

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

9